IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES S. RITSICK** : | | **CIVIL ACTION** |
| 321 Park Avenue : | | |
| Harleysville, PA  19438 : | | |
| : | | |
| vs : | | |
| : | | |
| **UNITED STATES OF AMERICA** : | | |
| **DEPARTMENT OF VETERANS AFFAIRS** : | | **NO.** |
| 3900 Woodland Avenue : | | |
| Philadelphia, PA 19104 : | | |

## COMPLAINT

**Parties**

1. Plaintiff, James S. Ritsick, is an adult individual and resides at 321 Park Avenue, Harleysville, PA 19438.

2. The U.S. Department of Veterans Affairs was established as an independent agency of the Defendant, United States of America.

3. The U.S. Department of Veteran Affairs, through its Veterans Health Administration, operates medical facilities throughout the United States, including the Philadelphia VA Medical Center and Lebanon VA Medical Center where the alleged medical malpractice took place.

4. Defendant, United States, by and through its agency, the U.S. Department of Veteran Affairs, hired, retained, contracted with, supervised, controlled and is responsible for physicians, nurses, and other health care providers including the physicians, nurses, and other health care providers involved in the care and treatment of plaintiff at the Philadelphia VA Medical Center and Lebanon VA Medical Center.

**Jurisdiction and Venue**

5. This Court has jurisdiction as the claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries caused by the Defendant's negligence.

6. Venue is proper within this district under 28 U.S.C. § 1402 (b) as the acts complained of occurred in the Eastern District of Pennsylvania.

**Notice**

7. On or about February 25, 2015, Plaintiff timely filed an executed Standard Form 95 form with the Department of Veterans Affairs, Office of Regional Counsel, thereby timely making an administrative claim for damages and injuries consistent with the Federal Tort Claims Act, et seq. A true and correct copy of transmittal letter and form is attached hereto as Exhibit "A".

8. On or about March 3, 2017, the Office of Regional Counsel for the Department of Veteran Affairs acknowledged receipt of the service of the claim on February 22, 2017. A true and correct copy of the letter is attached hereto as Exhibit "B".

9. Defendant has failed to account for the alleged receipt of the Form in such an untimely manner.

10. As more than six months has passed since the form was submitted and the applicable Pennsylvania Statute of Limitations is about to run, plaintiff files this Complaint.

11. Plaintiff therefore asserts this Complaint is timely, pursuant to 28 U.S.C. § 2401.

12. Plaintiff has therefore exhausted all necessary administrative remedies prior to bringing this action, thus vesting jurisdiction in this Court.

**Facts**

13. In 2015, plaintiff sought treatment with the VA Medical Center for a condition requiring hernia surgery.

14. On March 30, 2015, plaintiff underwent said surgery.

15. Said surgery was performed by Kristofell Dumon, MD.

16. Following the surgery, plaintiff suffered from various infections and received post operative care from defendant.

17. Sometime in July 2015, plaintiff began to notice a foul odor emanating from the wound.

18. On July 28, 2015, a CT scan was performed which revealed wound packing had been left in the surgical area at the time of the March 30, 2015 surgery.

19. Subsequent cultures revealed staphylococcus aureu and staphylococcus SP bacteria in the area of the wound.

20. On August 3, 2015, an abdominal exploration and debridement was performed.

21. Plaintiff required additional surgery to fully remove the packing and deal with the infection.

22. Plaintiff continues to suffer from infection, chills and fever and the wound has not completely healed.

23. The injuries and losses suffered by the Plaintiff are the direct and proximate result of the negligence and carelessness of the United States and its employees and agents, acting individually or in concert, and are not due to any act or failure to act on the part of Plaintiff.

24. Plaintiff was unaware the wound packing had been left at the site of the surgery until the CT scan of July 30, 2015.

25. As a result of the negligence of Defendant, Plaintiff has suffered and continues to suffer infection, chills and fever and the wound has not completely healed, anxiety and depression, as well as other serious and permanent injuries.

26. Said defendant's negligence as set forth herein has subjected plaintiff to a substantial increased risk of harm as well as other serious and permanent injuries.

27. By reason of the injuries sustained, plaintiff has been and may in the future continue to be required to expend various sums of money for medicine and medical treatment in and about endeavoring to treat and cure himself of his injuries.

28. By reason of the injuries sustained, plaintiff has and may continue to suffer great pain and agony, mental anguish and humiliation and has been and may in the future be hindered from attending to his daily duties, functions and occupation, all to his great damage and loss.

29. The negligence and carelessness of the United States and its employees and agents was a substantial factor in bringing about Plaintiffs injuries and losses and a factual cause of Plaintiffs injuries and losses.

30. The Defendant United States and its employees and agents knew or should have known that all wound packing was not removed from plaintiff following the hernia surgery. Accordingly, the Defendant is responsible for the claims made in this lawsuit

31. The negligence and carelessness of the Defendant, United States, acting directly and through its agents (actual ostensible or otherwise) servants and/or employees included the following:

    a. Vicarious liability for the negligence acts of its agents, servants and/or employees including all medical providers who provided relevant services to plaintiff;

    b. failing to remove the wound packing from plaintiff following the surgery;

    c. failing to account for the wound packing and other medical supplies;

    d.       failing to inform and warn plaintiff of the retained wound packing;

    e.       failing to properly diagnose the wound packing;

    g.       causing the wound packing to remain for an unnecessarily long period, such that plaintiff was caused to develop infection and high fever and chills

    h.       failing to adequately assess plaintiff to plan his course of treatment;

    i.       failing to monitor plaintiff's medical condition;

    j.       failing to timely and properly treat plaintiff's medical condition;

    k.       failing to exercise due care in the professional practice of several medical disciplines;

    l.       failing to order proper tests to diagnose the retained wound packing;

    m.       failing to provide proper surgical follow-up care;

    n.       failing to properly supervise staff and assistants during the surgery.

32.     The negligence of the Defendant, as described herein, was the legal cause of the Plaintiffs injuries and damages as described herein

33.     The negligence oft he Defendant, as described herein, increased the risk of harm to Plaintiff who suffered the injuries and damages as detailed in the within Complaint.

34.     As a direct and proximate result of the negligence and carelessness of the Defendant, and as described herein, the Plaintiff suffered and the Defendant is liable to the Plaintiff for the hereinbefore described injuries and damages

WHEREFORE, plaintiff, demands judgment against defendant, United States of America in an amount in excess of seventy-five ($75,000.00) exclusive of costs.

                                    THE RADMORE FIRM, LLC

                                    \s\James R. Radmore
                                  JAMES R. RADMORE, ESQUIRE
                                  Attorney for plaintiff